**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ADAM T. GRECO,

         Plaintiff,

 v.            No. 04-CV-1354
                (DNH/DRH)
COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

---

**APPEARANCES:**        **OF COUNSEL:**

Office of Peter M. Margolius     PETER M. MARGOLIUS, ESQ.
Attorney for Plaintiff
7 Howard Street
Catskill, New York 12414

HON. GLENN T. SUDDABY      WILLIAM H. PEASE, ESQ.
United States Attorney for the     Assistant United States Attorney
 Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

   Plaintiff Adam T. Greco ("Greco") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. Greco moves for a finding of disability and the Commissioner cross-moves for a judgment on the pleadings. Docket Nos. 6, 11. For the reasons which follow, it is recommended that the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

Commissioner's decision be affirmed.

## I. Procedural History

On April 7, 2000, Greco filed an application for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 143-45.[2] That application was denied on June 23, 2000. T. 89. Greco requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Carl E. Stephan on November 28, 2000. T. 21, 90. In a decision dated February 22, 2001, the ALJ held that Greco was not entitled to disability benefits. T. 116-17. Greco filed a request for review with the Appeals Council and the case was remanded to the ALJ. T. 124-27. On September 9, 2003, a second disability hearing was held before ALJ Stephan. T. 12. ALJ Stephan again found that Greco was not entitled to disability benefits. T. 19-20. The Appeals Council denied Greco's request for review, thus making the ALJ's findings the final decision of the Commissioner. T. 2-4. This action followed.

## II. Contentions

Greco contends that the Appeals Council erred by refusing to remand this case even after the ALJ selectively cited medical reports to support his conclusion, failed to follow the instructions of the Appeals Council, disobeyed the Appeals Council by not obtaining

---

[2] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner. Docket No. 5.

2

evidence from a medical expert,[3] and failed to discuss fully the entire testimony of the vocational expert. Greco also contends that the Appeals Council failed to consider his letter-brief of June 15, 2004. The Commissioner contends that there was substantial evidence to support the determination that Greco was not disabled.

### III. Facts

Greco is currently thirty-three years old and has a ninth grade education. T. 26, 143. Greco previously worked as a surgical technician, factory worker, stock clerk, and security officer. T. 12. Greco alleges that he became disabled on August 26, 1999 due to an accident he suffered as a factory worker which resulted in right upper extremity pain. Id.

### IV. Standard of Review

#### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003). In addition, the claimant's impairments must be of such severity that

---

[3] Greco's contention that the ALJ disobeyed the Appeals Council remand order by not obtaining evidence from a medical expert is without merit. The remand order directed the ALJ to "[o]btain evidence from a medical expert, a neurosurgeon, if available to clarify the nature and severity of the claimant's upper extremity and cervical impairments." T. 126. Here, the record clearly indicates that the ALJ obtained medical evidence from Dr. Richard Rovit, a specialist in neurosurgery. T. 334.

3

he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he [or she] is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his [or her] physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.  Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps. Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000).  However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform. Id.

**B. Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw, 221 F.3d at 131 (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000).

"In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Prentice v. Apfel, No. 96 Civ. 851(RSP), 1998 WL 166849, at *3 (N.D.N.Y. Apr. 8, 1998) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)). A court, however, cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998). If the Commissioner's finding is supported by substantial evidence, it is conclusive. Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996).

**V.  Discussion**

**A. Medical Evidence**

After his injury on August 26, 1999, Greco was initially evaluated by Dr. Samuel Merkhan, his primary care physician, who enrolled Greco in physical therapy. T. 204. After

5

twelve weeks of physical therapy, Greco reported that the physical therapy was making his pain worse. Id. On March 2, 2000, Greco sought treatment from Dr. Darryl DiRisio, a neurologist, after complaining of severe right upper extremity numbness, weakness, and severe neck pain. T. 211. Dr. DiRisio continued to treat Greco and also referred him to Dr. Gombas for evaluation. T. 206. On April 26, 2000, Dr. George Gombas noted that Greco suffered from chronic right upper extremity pain and concluded that he may have thoracic outlet syndrome. T. 205.

On May 2, 2000, Dr. DiRisio evaluated Greco and recommended surgical intervention to relieve his pain. T. 209. Shortly thereafter, Greco was evaluated by Dr. Paul Jones for the Worker's Compensation Board. T. 216-17. Dr. Jones concluded that Greco likely suffered from thoracic outlet syndrome, but determined that his prognosis with surgery was fair. T. 217. On July 28, 2000, Greco underwent brachial plexus surgery for thoracic outlet syndrome. T. 247. Shortly thereafter, Greco was examined by Dr. DiRisio and it was noted that Greco was doing very well and felt less pain in his right arm. T. 235.

On September 12, 2000, Dr. DiRisio completed a form provided by Greco's representative that indicated that he was totally disabled and should not return to work. T. 233. Dr. Merkhan also completed a similar form that indicated the same conclusion of total disability. T. 236. On October 27, 2000, Dr. Jones examined Greco and concluded that he was temporarily totally disabled. T. 258. Greco was also examined by Dr. Eugene Lucier, a pain management specialist, who recommended steroid injections to treat his pain. T. 313. On February 16, 2001, Greco was examined by Dr. Jones. T. 319. Dr. Jones again concluded that Greco was temporarily totally disabled. T. 320.

6

## B. Treating Physician's Rule

Greco contends that the ALJ failed to clarify the reports of his treating physicians, Drs. DiRisio and Merkhan, that he was totally disabled. Greco also contends that the ALJ ignored Dr. Jones' reports that concluded that Greco was totally disabled.

When evaluating a claim seeking disability benefits, factors to be considered include objective medical facts, clinical findings, the treating physician's diagnoses, subjective evidence of disability, and pain related by the claimant. Harris v. R.R. Ret. Bd., 948 F.2d 123, 126 (2d Cir. 1991). Generally, more weight is given to a treating source. Under the regulations, a treating source's opinion is entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2003); Shaw, 221 F.3d at 134. Before a treating physician's opinion can be discounted, the ALJ must provide "good reasons." Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

The ALJ is required to assess the following factors in determining how much weight to accord the physician's opinion: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." Schaal, 134 F.3d at 503. If other evidence in the record conflicts with the opinion of the treating physician, this opinion will not be deemed controlling or conclusive, and the less consistent the opinion is, the less weight it will be given. Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). Ultimately, the final determination of disability and a claimant's inability to work rests with the Commissioner. Id. at 133-34;

see 20 C.F.R. §§ 404.1527(e), 416.927(e) (2003).

Here, although the ALJ did not directly contact Drs. DiRisio and Merkhan, the record indicates that he made two separate attempts at obtaining updated medical evidence from these physicians through Greco's counsel. See T. 315-16. However, these attempts were unsuccessful and no further documentation from Drs. DiRisio and Merkhan were received. T. 15-16 ("The record documents two requests to the claimant's representative to obtain additional evidence, supporting clinical findings, and clarifications from the claimant's treating physicians; however, no further documentation was received."). Thus, contrary to Greco's contention, the ALJ did in fact attempt to clarify the opinions of Greco's treating physicians but received no response.

On May 16, 2000, Dr. Jones concluded that Greco could perform sedentary work as long as he did not have to use his right arm. T. 216-17. However, at two subsequent examinations, Dr. Jones concluded that Greco was "temporarily totally disabled." T. 278, 342. In his decision, the ALJ afforded Dr. Jones' May 2000 findings "great weight," while only affording "some weight" to the subsequent reports that concluded Greco was temporarily totally disabled. T. 14-16. Greco contends that the ALJ's "pick[ing] and choos[ing]" of Dr. Jones reports to support his finding of no disability constitutes error. Pl. Mem. of Law (Docket No. 6) at ¶ 17. However, Dr. Jones was not a treating physician and thus his opinion is not entitled to any special weight.

Thus, the opinions of Greco's two treating physicians both asserted that Greco was totally disabled. The propriety of the ALJ's refusal to accord either opinion controlling weight depends on a review of the factors discussed supra. See Schaal, 134 F.3d at 503.

8

The ALJ accepted that Greco was severely impaired in his upper right extremity but rejected the treating physicians' opinions that this impairment left Greco disabled from all substantial gainful employment. The ALJ properly and explicitly evaluated those opinions in light of the relevant factors. For example, the ALJ noted that Greco's treatment had ceased, there was significant evidence to support the conclusion that Greco retained sufficient residual functional capacity to perform different types of work available in the economy, the treating physicians had not supplemented or clarified the bases for their opinions despite at least two requests to do so, and a record review by another doctor supported the ALJ's conclusion. Thus, substantial evidence existed supporting the ALJ's rejection of the treating physicians' opinions as controlling and the ALJ properly accorded those opinions lesser weight.

Therefore, it is recommended that the Commissioner's finding in this regard be affirmed.

### C. Vocational Expert

Greco contends that the ALJ's determination that he retained the residual functional capacity ("RFC") to perform past relevant work failed to encompass the full testimony of the vocational expert.

RFC describes what a claimant is capable of doing despite his or her impairments considering all relevant evidence, which consists of physical limitations, symptoms, and other limitations which go beyond the symptoms. Martone v. Apfel, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999); see also 20 C.F.R. §§ 404.1545, 416.945 (2003). "RFC can only be

established when there is substantial evidence of each physical requirement listed in the regulations." Smith v. Apfel, 69 F. Supp. 2d 370, 378 (N.D.N.Y. 1999) (citation omitted). In assessing RFC, the ALJ must make findings specifying what functions the claimant is capable of performing, not simply making conclusory statements regarding a claimant's capabilities. Martone, 70 F. Supp. 2d at 150. RFC is then used to determine whether the claimant can perform his or her past relevant work in the national economy. New York v. Sullivan, 906 F.2d 910, 913 (2d Cir. 1990); see also 20 C.F.R. § § 404.1545, 416.960 (2003).

Here, the ALJ discussed the vocational expert's conclusion that an individual with Greco's limitations would not have the ability to perform his past relevant work as a stock clerk, factory assembler, medical technician, or laboratory tester. T. 18. However, the vocational expert testified that an individual with Greco's limitations could perform his past relevant work as a security officer and that there are 3,000 of these jobs in the region and one million nationally. T. 18, 71-72. The ALJ accepted this testimony in concluding that Greco retained the RFC to perform his past relevant work as a security sergeant/officer. T. 19. Thus, Greco's contention that the ALJ's decision failed to encompass fully the vocational expert's testimony is without merit. Further, there is substantial evidence to support the ALJ's conclusion that Greco retained the RFC to perform his past relevant work as a security officer.

Accordingly, it is recommended that the Commissioner's determination in this regard be affirmed.

### VI. Conclusion[4]

For the reasons stated above, it is hereby

**RECOMMENDED** that the decision denying disability benefits be **AFFIRMED**, Greco's motion for a finding of disability (Docket No. 6) be **DENIED**, and the Commissioner's cross-motion (Docket No. 11) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: November 6, 2006
Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[4] Greco also appears to argue that the Appeals Council's failure to consider his attorney's letter brief requires remand. Pl. Mem. of Law at ¶ 16. However, Greco had not identified any prejudice as a result of this alleged error and, thus, remand is not warranted on this ground.